```
                                   USDC SDNY
                                   DOCUMENT
UNITED STATES DISTRICT COURT       ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK      DOC #: _____
------------------------------     DATE FILED: 5-8-09
                                   x
                                         08 Civ. 3330 (JSR)
In re FAIVELEY TRANSPORT MALMO AB  :
                                   :     MEMORANDUM ORDER
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

This injunctive action was brought by plaintiff Faiveley Transport Malmo AB ("Faiveley") on October 18, 2007, seeking a preliminary injunction to prevent defendant Wabtec Corporation ("Wabtec") from manufacturing or marketing any Brake Friction Cylinder Tread Brake Units ("BFC TBUs") or disclosing any trade secrets associated with BCF TBUs. At the same time, Faiveley commenced an arbitration proceeding at the International Chamber of Commerce ("ICC") concerning the substance of its dispute with Wabtec. For the past year and a half, arbitration proceedings in Sweden have been ongoing; meanwhile, the parties have continued to litigate the preliminary injunction issue, first before this Court, then before the Second Circuit, and most recently before this Court again.

After the case was remanded to this Court on March 31, 2009 for further proceedings on the issue of whether Faiveley can show that it will suffer irreparable harm in the absence of a preliminary injunction, see Faiveley Transport Malmö AB v. Wabtec Corp., -- F.3d --, Dkt. No. 08-5126-cv (2d Cir. Mar. 9, 2009),[1] Faiveley sought additional discovery. After holding an in-court conference on April 8, 2009, the Court granted Faiveley permission "to conduct discovery

---

[1] The mandate from the Second Circuit issued on March 31, 2009.

limited to the issue of whether Wabtec has disclosed or is imminently planning to disclose Faiveley's trade secrets." Order dated April 10, 2009. This discovery went forward, and within a week various disputes about its appropriate scope had arisen, which the Court addressed by holding a series of telephone conferences with the parties beginning April 17, 2009. The parties agreed that these telephone conferences would be informal, non-recorded conversations. See Order dated April 24, 2009.

On April 24, 2009, it was brought to the Court's attention that Faiveley's counsel in Sweden had sent to the arbitration panel via email what it represented was an "unofficial transcript" of a "court hearing" before this Court -- whereas it was actually counsel's notes of one of the aforementioned off-the-record telephone discussions. The portions of the conversation recounted in the email selectively included remarks by the Court critical of Wabtec. As the Court stated in its Order issued the same day, "such conduct raises serious questions about Faiveley's good faith and demands further inquiry as to whether sanctions need to be imposed." Order dated April 24, 2007.

At an in-court conference on April 27, 2009, the Court heard the parties' positions on this development. Counsel for Faiveley represented to the Court that its notes of the telephone conference had been forwarded to its foreign counsel so that the client could be informed of ongoing developments in the case and that, without discussion with U.S. counsel and despite U.S. counsel's prior

2

warnings to foreign counsel that these telephone conferences were informal and off-the-record, Faiveley's foreign counsel had then sent the aforementioned email. Transcript 4/27/09. Counsel for Faiveley graciously apologized to the Court and promised to bring to the arbitration panel the transcript of the April 27 in-court conference in which Faiveley's counsel acknowledged its error. Id. Counsel for Wabtec, however, argued that sanctions should be imposed and that an appropriate sanction for Faiveley's misconduct would be to stay or dismiss the instant action until the arbitration proceeding had concluded. Id. The Court reserved decision on this application and in the meantime continued the stay it had instituted in its April 24, 2009 Order.

Having further considered the arguments made by both sides, the Court has determined that the sanction proposed by Wabtec would be excessive. Wabtec itself does not have clean hands with respect to the instant proceedings. The Court's Order allowing Faiveley to conduct limited additional discovery, and not giving warrant for any discovery by Wabtec, was issued on April 10, 2009; but Wabtec, earlier that same day, nevertheless issued a discovery subpoena on the New York City Transit Authority. Wabtec, moreover, submitted documents obtained in response to that doubly unwarranted subpoena to the arbitration tribunal. See transcript 4/27/09.

However, as the foregoing account reflects, both parties appear intent on misusing the limited resumption of these proceedings following remand from the Second Circuit as a way of influencing the

3

ongoing arbitration in Sweden. This does not mean that the Court should indefinitely postpone its obligation to resolve the request for preliminary injunctive relief, especially since the open issue is whether, absent the injunction, Faiveley will suffer irreparable harm. But, on the other hand, given the prior absence of a showing of irreparable harm and the potential for misuse of these proceedings, it seems prudent to adjust the schedule of the instant proceedings so as to minimize the potential for misuse. Moreover, the parties have represented to the Court that by mid-May, 2009, all evidence will have been submitted to the arbitration tribunal and closing statements will have been made. See transcript 4/8/09.

Accordingly, the Court hereby determines that the sanction against Faiveley for its aforementioned misconduct will be that all discovery in the instant proceeding will be stayed through June 1, 2009. All telephone conferences in this case will remain banned, but the parties are directed to appear in Courtroom 14B at 500 Pearl Street, New York, NY, on June 1, 2009 at 5:00 p.m. to set a new, and very prompt, schedule for the conclusion of discovery and briefing on the preliminary injunction issue.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       May 7, 2009

4