*RAKOFF, S.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                     :
FAIVELEY TRANSPORT MALMO AB,
                                     :    08-CV-03330 (JSR)
        v.
                                     :
WABTEC CORPORATION.

                                     :
------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: *6·29·09*

### SECOND AMENDED STIPULATED CONFIDENTIALITY ORDER

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this matter involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and/or defending the above referenced matter and the related pending foreign Arbitration Proceeding in Sweden (defined below) is warranted. Accordingly, the parties hereby stipulate to and jointly request that the Court enter the following Second Amended Stipulated Confidentiality Order.

## 2.   DEFINITIONS

2.1    Arbitration Proceeding:  the action pending before the International Chamber of Commerce ("ICC") filed on October 18, 2007, titled *Faiveley Transport Malmo AB (Sweden) vs. Wabtec Corporation (USA)*, Case No. 15220/FM.

2.2    Arbitral Tribunal:  the three-member arbitration panel empanelled in accordance with the ICC Rules to adjudicate the Arbitration Proceeding.

2.3     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, outside counsel, and their support staff.

2.4     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter or in the Arbitration Proceeding.

2.5     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including, without limitation, any information or tangible things that contain or disclose any non-public business or financial information of the Producing Party.

2.6     "Highly Confidential" Information or Items:  "Confidential" Information or Items which the Designating Party deems especially sensitive, which includes, but is not limited to, confidential research and development, financial, technical, marketing and any other sensitive information.

2.7     "Attorneys' Eyes Only" Information or Items:  "Highly Confidential" Information or Items which the Designating Party considers to be trade secret information.  The parties expressly recognize that designation of material as "Attorneys' Eyes Only" is solely for the purpose of facilitating discovery and that the Receiving Party's failure to object to such designation shall in no way constitute an admission by the Receiving Party that such material is in fact trade secret information under applicable law and shall in no way operate as a waiver of the Receiving Party's right to challenge the assertion of such status at a later time.  The parties further recognize that the designation of material as "Attorneys' Eyes Only" does not constitute

2

the identification by the Designating Party of which information contained in the material is considered by the Designating Party to be trade secret information.

2.8     ICC Court:  Court of the International Arbitration of the ICC, the body governing the Arbitration Proceeding and its Secretariat.

2.9     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.10    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this matter or in the Arbitration Proceeding.

2.11    Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only."

2.12    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only."

2.13    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party and appear as counsel of record in this matter or in the Arbitration Proceeding.

2.14    House Counsel:  attorneys who are employees of a Party.

2.15    Counsel (without qualifier):  Outside Counsel (as well as their support staff) and House Counsel.

3

2.16   <u>Expert</u>: a person with specialized knowledge or experience in an area pertinent to this matter or the Arbitration Proceeding who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this matter or in the Arbitration Proceeding and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.17   <u>Professional Vendors</u>:  persons or entities that provide support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3.    SCOPE

The protections conferred by this Second Amended Stipulated Confidentiality Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court in the proceedings relating to this matter or in the Arbitration Proceeding that might reveal Protected Material.

## 4.    DURATION

The parties agree that this Second Amended Stipulated Confidentiality Order shall govern the Arbitration Proceeding unless, subject to Section 11.2 of this Order, a separate confidentiality order is entered by the Arbitral Tribunal with respect to the Arbitration Proceeding.

The confidentiality obligations imposed by this Order shall remain in effect until the Parties otherwise agree in writing or the Court otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains Protected Material.

(b)     for testimony given in deposition or in other proceedings, that the Party or non-party wishing to designate the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all Protected Material. When it is impractical, before the end of the deposition, to identify separately each portion of testimony that is entitled to protection, and/or when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that wishes to designate the testimony may invoke on the

5

record (before the deposition or proceeding is concluded) a right to have up to 7 days from receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY"). If the right to so designate testimony is invoked by a Party, the other Party shall treat the entire transcript as "Attorneys' Eyes Only" until the earlier of receipt of the invoking Party's designations or the expiration of the 7 day period following receipt of the transcript. Only those portions of the testimony that are appropriately designated for protection within the 7 days after receipt of the transcript shall be covered by the provisions of this Second Amended Stipulated Confidentiality Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" as instructed by the Party or nonparty designating the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate. Inadvertent failure to designate qualified information or items as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" does

not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order. No party or nonparty shall be liable for any disclosure of material otherwise permitted under this agreement taking place prior to such party or nonparty being notified of any designation of confidentiality under this paragraph 5.3.

5.4    Disclosure or Discovery Material which has been authored by the Receiving Party and which the Producing Party, in good faith, either (i) would designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "ATTORNEYS' EYES ONLY" if the Producing Party had been the author of the material, or (ii) believes the Receiving Party would designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "ATTORNEYS' EYES ONLY" for purposes of this matter, shall be designated by the Producing Party as "CONFIDENTIAL." No designation of Disclosure or Discovery Material pursuant to this Section 5.4 shall constitute an admission by the Producing Party that such material constitutes confidential, proprietary or trade secret material protected by law or a waiver of the right to challenge the assertion of such status by the Receiving Party.

5.5    Subject to any change in designation resulting from the challenge process described in Section 6 of this Second Amended Stipulated Confidentiality Order, any Protected Material produced by a Party prior to entry of this Order with the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated by the Receiving Party as if designated "ATTORNEYS' EYES ONLY" under the terms of this Order and shall be afforded

7

all of the protections described herein for Protected Material which has been designated "ATTORNEYS' EYES ONLY."

5.6     Computation of Time.  All time periods set forth herein shall be computed in a manner consistent with Federal Rule of Civil Procedure 6(a); provided that, for purposes of computing the time to respond to any act (e.g., service of notice), if such act takes place after 5:00 p.m. (eastern time zone), then the act shall be deemed to have occurred on the next business day.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any challenge to a confidentiality designation shall be made within 14 days of receipt of such designation.  Challenges may be made following the expiration of the 14 day period only upon a showing of good cause for the failure to bring a timely challenge.

6.2     Meet and Confer.  A Party initiating a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by requesting in writing served by facsimile transmission or electronic mail upon Outside Counsel for the Producing Party that the designation be changed.  The writing shall set forth the Receiving Party's basis for its belief that the confidentiality designation was not proper.  The parties shall then meet and confer within 10 days of service of the written challenge in a good faith effort to resolve the challenge.  If the parties are unable to reach agreement following the meet and confer process, the challenging Party may proceed to invoke judicial intervention pursuant to paragraph 6.3.

6.3     Judicial Intervention.  A Party that presses a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Any such motion shall be filed within 10 days of the meet and confer.  The motion shall be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use all material that is disclosed or produced by another Party or by a non-party in connection with this matter or with the Arbitration Proceeding, including Protected Material, only for prosecuting, defending or attempting to settle this matter, or for prosecuting, defending or attempting to settle the Arbitration Proceeding.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Upon final termination of this matter or the Arbitration Proceeding, whichever is the later, each Receiving Party must comply with the provisions of Section 12 (FINAL DISPOSITION) below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court, a Receiving Party may, upon compliance with the procedures set forth in Section 7.5 where applicable, disclose any information or item designated "CONFIDENTIAL" only to:

(a)    Employees of the Receiving Party, as reasonably necessary for purposes of this litigation, for use only in connection with this litigation, and who are first informed of and agree to be bound by the terms of this Confidentiality Order.

(b)    persons shown on the face of the document to have authored or received it, and a person testifying as a Rule 30(b)(6) designee for the company whose director, officer, employee or agent was the person shown on the face of the document to have authored or received it, and who are identified as such in writing to Outside Counsel for the Producing Party in advance of the disclosure;

(c)    House Counsel of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation or the Arbitration Proceeding;

(d)    the Receiving Party's Outside Counsel, as well as employees of and Professional Vendors retained by said Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of prosecuting, defending or attempting to settle this matter or the Arbitration Proceeding;

(e)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this matter or the Arbitration Proceeding, and who have been or are identified as such in writing to Outside Counsel for the Producing Party in advance of the disclosure;

10

       (f)     the Court and its personnel;

       (g)     the ICC Court and its personnel;

       (h)     the Arbitral Tribunal and its personnel;

       (i)     court reporters and their staffs to whom disclosure is reasonably necessary for this matter or for the Arbitral Proceeding;

       (j)     during their depositions, those non-party witnesses in the action for whom, during the deposition, it has first been established that they have previously seen the "CONFIDENTIAL" information and items in a lawful manner and to whom disclosure is reasonably necessary and who have signed the "Acknowledgment And Agreement To Be Bound" that is attached hereto as Exhibit A. Such witnesses shall not be permitted to retain the CONFIDENTIAL information and items, or any copy thereof following the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Second Amended Stipulated Confidentiality Order;

       (k)     A director, officer, employee, consultant, Expert or agent of the Designating Party; and

       (l)     a person to whom Outside Counsel for the Designating Party agrees in writing or on the record in a deposition or hearing that the information or items may be disclosed.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless

otherwise ordered by the Court, a Receiving Party may, upon compliance with the procedures set

forth in Section 7.5 where applicable, disclose any information or item designated "HIGHLY

CONFIDENTIAL" only to:

(a)     persons shown on the face of the document to have authored or received it,

and a person testifying as a Rule 30(b)(6) designee for the company whose director, officer,

employee or agent was the person shown on the face of the document to have authored or

received it, and who are identified as such in writing to Outside Counsel for the Producing Party

in advance of the disclosure;

(b)     the Receiving Party's Outside Counsel, as well as employees of and

Professional Vendors retained by said Outside Counsel to whom it is reasonably necessary to

disclose the information for purposes of prosecuting, defending or attempting to settle this matter

or the Arbitration Proceeding;

(c)     two (2) designated House Counsel of the Receiving Party who are

required in good faith to provide assistance in the conduct of this litigation or the Arbitration

Proceeding, and who have been or are identified as such in writing to Outside Counsel for the

Producing Party in advance of the disclosure;

(d)     two (2) individuals designated by the Receiving Party who are required in

good faith to provide assistance in the conduct of this litigation or the Arbitration Proceeding,

and who are identified as such in writing to Outside Counsel for the Producing Party in advance

of the disclosure;

12

(e)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this matter or the Arbitration Proceeding and who have been or are identified as such in writing to Outside Counsel for the Producing Party in advance of the disclosure;

(f)     the Court and its personnel;

(g)     the ICC Court and its personnel;

(h)     the Arbitral Tribunal and its personnel;

(i)     court reporters and their staffs to whom disclosure is reasonably necessary for this matter or the Arbitration Proceeding;

(j)     during their depositions, those non-party witnesses in the action for whom, during the deposition, it has first been established that they have previously seen the "CONFIDENTIAL" information and items in a lawful manner and to whom disclosure is reasonably necessary and who have signed the "Acknowledgment And Agreement To Be Bound" that is attached hereto as Exhibit A.  Such witnesses shall not be permitted to retain the HIGHLY CONFIDENTIAL information and items, or any copy thereof following the deposition.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Second Amended Stipulated Confidentiality Order;

(k)     a director, officer, employee, consultant, Expert or agent of the Designating Party; and

(l)     a person to whom Outside Counsel for the Designating Party agrees in writing or on the record in a deposition or hearing that the information or items may be disclosed.

7.4     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court, a Receiving Party may, upon compliance with the procedures set forth in Section 7.5 where applicable, disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel, as well as employees of and Professional Vendors retained by said Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of prosecuting, defending or attempting to settle this matter or the Arbitration Proceeding;

(b)     two (2) designated House Counsel of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation or the Arbitration Proceeding, and who have been or are identified as such in writing to Outside Counsel for the Producing Party in advance of the disclosure;

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this matter or the Arbitration Proceeding and who have been or are identified as such in writing to Outside Counsel for the Producing Party in advance of the disclosure;

(d)     persons shown on the face of the document to have authored or received it, and a person testifying as a Rule 30(b)(6) designee for the company whose director, officer, employee or agent was the author or recipient of the document;

14

(e)     the Court and its personnel;

(f)     the ICC Court and its personnel;

(g)     the Arbitral Tribunal and its personnel;

(h)     court reporters and their staffs to whom disclosure is reasonably necessary

for this matter or the Arbitration Proceeding;

(i)     a director, officer, employee, consultant, Expert or agent of the

Designating Party; and

(j)     a person to whom Outside Counsel for the Designating Party agrees in

writing or on the record in a deposition or hearing that the information or items may be

disclosed.

7.5     Procedures for Approving Disclosure of "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Information or Items

(a)     Unless otherwise ordered by the Court or the Arbitral Tribunal, or agreed

in writing by the Designating Party, a Party that seeks to disclose any information or item that

has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS'

EYES ONLY" to an individual pursuant to Sections 7.2(a), (b), (c) or (e), or, Section 7.3(a), (c),

(d) or (e), or Section 7.4(b), (c) or (d) of this Order shall first (a) provide the Producing Party

with an "Acknowledgment And Agreement To Be Bound" (Exhibit A, hereto) signed by the

intended recipient, (b) set forth in writing whether "HIGHLY CONFIDENTIAL" information or

items will be disclosed to the intended recipient and whether "ATTORNEYS' EYES ONLY"

15

information or items will be disclosed to the intended recipient, and (c) if the intended recipient is an Expert, (i) provide the Producing Party with the resume or curriculum vitae of the Expert, and (ii) a description of the Expert's professional associations and employer(s) and any current and past consulting relationships in the industry.

(b)     A Party that provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified individual unless, within 5 days of delivering the subject information, the Designating Party serves Outside Counsel for the Receiving Party by facsimile transmission or electronic mail a written objection to such disclosure. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party within 10 days of receipt of the objection to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the subject individual may file a motion seeking permission from the Court to do so. Any such motion shall be filed within 10 days of the meet and confer, and shall describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the subject individual is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the subject individual shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

16

proposed) outweighs the Receiving Party's need to disclose the Protected Material to the subject individual.

7.6     In the event of disclosure pursuant to this Section 7, only the person to whom disclosure is made, his or her counsel, Counsel for the Designating Party, and other persons to whom disclosure of the subject information may be made pursuant to this Section 7 (provided that, where applicable, such individuals are bound by this Second Amended Stipulated Confidentiality Order), may be present during the disclosure or discussion of the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" information or items.  Such disclosure of information or items shall not constitute a waiver of the confidential status of the information so disclosed.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing promptly and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Parties to this Second Amended Stipulated Confidentiality Order agree to work together in good faith to avoid or limit the unnecessary production of any Party's Protected Material.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Second Amended Stipulated Confidentiality Order.  In

17

addition, the Receiving Party must deliver a copy of this Second Amended Stipulated Confidentiality Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Second Amended Stipulated Confidentiality Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey (a) a lawful directive from another court or (b) a lawful discovery request should the Designating Party fail to obtain a court order prohibiting disclosure pursuant to such a lawful discovery request.

Notwithstanding this paragraph, the parties specifically agree that the Protected Material shall be provided to the Arbitral Tribunal for use in the Arbitration Proceeding upon the request of either Party or the Arbitral Tribunal.

## 9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Second Amended Stipulated Confidentiality Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, including the identification of each item of Protected Material so disclosed, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all

the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment And Agreement To Be Bound" that is attached hereto as Exhibit A.

**10.   RETURN OF INADVERTENTLY PRODUCED MATERIAL.**

If a Producing Party produces information without intending to waive a claim of privilege, it shall, within 5 business days of discovering such inadvertent disclosure, notify the Receiving Party of its claim of privilege. After being notified, the Receiving Party shall promptly return or destroy the specified information and any copies thereof. If the Receiving Party chooses to destroy the specified information pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the Producing Party. If a Receiving Party receives information from the other Party that it believes to be privileged, it shall, within 5 business days of discovering such inadvertent disclosure, notify the Producing Party of its inadvertent production. If, after the Receiving Party provides such notification, the Producing Party confirms that the information is privileged, the Receiving Party shall promptly return or destroy the specified information and any copies thereof. If the Receiving Party chooses to destroy the specified information pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the Producing Party.

**11.   FILING PROTECTED MATERIAL.**

11.1   Filing Protected Material With The Court.

(a)   In the event that counsel for any Party determines to file with the Court any item or information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," such page shall be filed under seal without the need of further Court order. Any item or information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," shall be filed in a sealed envelope

marked with the title of the Litigation and bearing a statement substantially in the following

form:

> ATTORNEYS' EYES ONLY
>
> FILED UNDER SEAL PURSUANT TO THE SECOND
> AMENDED STIPULATED CONFIDENTIALITY
> ORDER DATED _____, 2009. THIS
> ENVELOPE IS NOT TO BE OPENED NOR THE
> CONTENTS THEREOF DISPLAYED OR REVEALED
> EXCEPT BY OR TO QUALIFIED PERSONS OR BY
> COURT ORDER.

All such materials shall be accepted by the Clerk of the Court for filing and shall be maintained

by the Clerk of the Court separate from the public records in this action and shall be released

only upon further order of the Court.

      (b)     The Parties expressly acknowledge that, if any Party determines to file

with the Court any item or information designated "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," such party shall be deemed to have

complied with Fed. R. Civ. P. 26(c) and need not seek a protective order pursuant thereto.

     11.2   Disclosure of Protected Material to Arbitral Tribunal or ICC Court.

      (a)     The Parties expressly acknowledge that, if, in the context of the

Arbitration Proceeding, any Party determines to file, submit, or otherwise disclose to either the

Arbitral Tribunal or the ICC Court any item or information designated "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," the Parties shall first jointly,

and in good faith, attempt to secure from the Arbitral Tribunal and/or ICC Court, as applicable,

an order or an award that any such Protected Material shall be afforded treatment consistent with

the terms of this Second Amended Stipulated Confidentiality Order and that such Protected

Material shall not be disclosed to any person or entity other than those to whom disclosure of the

Protected Material may be made pursuant to Section 7 of this Second Amended Confidentiality

Order.

       (b)    In the absence of an order or an award by the Arbitral Tribunal or the ICC

Court as set forth in Section 11.2(a), no Party shall file, submit, or otherwise disclose to the

Arbitral Tribunal or ICC Court, as applicable, any Protected Material.

       (c)    Nothing in this Section 11.2 shall preclude either the Arbitral Tribunal or

the ICC Court, *sua sponte* or at the request of a Party, from entering an order providing that, for

purposes of the Arbitration Proceeding, the disclosure of Protected Material is more restricted

than as provided in this Second Amended Stipulated Confidentiality Order.

## 12.    FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within 45 days

after the final termination of this matter or Arbitration Proceeding, whichever is the later, each

Receiving Party must return all Protected Material to the Producing Party.  As used in this

subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or

any other form of reproducing or capturing any of the Protected Material.  With permission in

writing from the Designating Party, the Receiving Party may destroy some or all of the Protected

Material instead of returning it.  Whether the Protected Material is returned or destroyed, the

Receiving Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the 45 day deadline that identifies (by category,

where appropriate) all the Protected Material that was returned or destroyed and that affirms that

the Receiving Party has not retained any copies, abstracts, compilations, summaries or other

forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

21

Outside Counsel are entitled to retain all court papers, trial transcripts, exhibits and attorney

work product, even if such materials contain Protected Material, provided that any such materials

that contain or constitute Protected Material are maintained and protected in accordance with this

Second Amended Stipulated Confidentiality Order.  Any such copies retained by Outside

Counsel remain subject to this Second Amended Stipulated Confidentiality Order as set forth in

Section 4 (DURATION), above.

**13.    MISCELLANEOUS**

13.1    Right to Assert Other Objections.  By stipulating to the entry of this Order, no

Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Second Amended Stipulated

Confidentiality Order.  Similarly, no Party waives any right to object on any ground to use in

evidence of any of the material covered by this Second Amended Stipulated Confidentiality

Order.

13.2    Application to Third Parties.  The protections afforded by this Second Amended

Stipulated Confidentiality Order shall extend to Protected Material produced by third parties in

this action, whether by subpoena or otherwise.

13.3    Remedies.  It is Ordered by the Court that this Second Amended Stipulated

Confidentiality Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal

Rules of Civil Procedure and such other sanctions as may be available to the Court, including the

power to hold parties or other violators of this Second Amended Stipulated Confidentiality Order

in contempt.  All other remedies available to any person(s) injured by a violation of this Second

Amended Stipulated Confidentiality Order are fully reserved.

Dated:  New York, New York
       June *17*, 2009

                     MAYER BROWN LLP

                     By:  _____
                         A. John P. Mancini

                     1675 Broadway
                     New York, New York 10019
                     (212) 506-2500
                     *Attorneys for Plaintiff Faiveley Transport*
                     *Malmo AB*

                     REED SMITH LLP

                     By:  _____
                         Daniel K. Winters

                     599 Lexington Avenue
                     28th Floor
                     New York, New York 10022
                     (212) 549-0397
                     *Attorneys for Defendant Wabtec Corporation*

SO ORDERED this *14th* day of June, 2009:

_____
Hon. Jed S. Rakoff
United States District Judge

23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                                   :

FAIVELEY TRANSPORT MALMO AB,

                                                   :     08-CV-03330 (JSR)

      v.

                                                   :

WABTEC CORPORATION.

                                                   :

------------------------------------- X

### EXHIBIT A TO
### SECOND AMENDED STIPULATED CONFIDENTIALITY ORDER

#### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Second Amended Stipulated Confidentiality Order that was issued by the United

States District Court for the Southern District of New York on _____, 2009 in

the case of *Faiveley Transport Malmo AB v. Wabtec Corporation*, 08-CV-03330 (JSR).  I agree

to comply with and to be bound by all the terms of this Second Amended Stipulated

Confidentiality Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt.

I promise that I will not disclose in any manner any information or item that is subject to

this Second Amended Stipulated Confidentiality Order to any person or entity except in strict

compliance with the provisions of this Order.  I further promise that I will retain all information

or items disclosed to me which are subject to this Second Amended Stipulated Confidentiality

Order in a secure manner and that all such information and items, including all copies thereof, will remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such information and items, including all copies thereof, and any writings prepared by me containing such information or items, will be returned to counsel who provided me with such information and items..

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Second Amended Stipulated Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

_____

Date: _____